NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIANA CORNEJO, | : | |
| Plaintiff, | : | Civil Action No. 11-7018 (SRC) |
| v. | : | OPINION |
| HORIZON BLUE CROSS/BLUE SHIELD OF NEW JERSEY, ET AL., | : | |
| Defendant. | : | |

**CHESLER**, District Judge

    This matter comes before the Court on the motion to dismiss filed by Defendant Teamsters Industrial Employees Welfare Fund ("Defendant" or "Fund") [docket entry no. 3]. Plaintiff Diana Cornejo ("Plaintiff") filed no opposition to the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion to dismiss.

**I.   BACKGROUND**

    Plaintiff initiated this action against the Fund, and Horizon Blue Cross/Blue Shield of New Jersey ("Horizon"), to recover payment for certain outstanding medical bills. On June 5, 2009, Plaintiff was the victim of a hit and run accident in Elizabeth, New Jersey. Plaintiff was hospitalized for several days, and suffered a fractured hip. At the time of the accident, Plaintiff had automobile insurance coverage with Progressive Garden State Insurance Company, which included a Person Injury Protection ("PIP") policy, with a limit of $15,000. Plaintiff also had

insurance coverage through the Fund, for which Horizon was the third-party administrator.[1] Plaintiff's medical bills resulting from the accident exceeded the $15,000 PIP policy limits by $18,228.23, and Plaintiff submitted these outstanding bills to Horizon for payment through the secondary coverage provided by the Fund's Plan.  However, Plaintiff's claim for benefits was denied.  Although the Complaint sets forth no specific legal cause of action, the Court construes Plaintiff's claim as one to recover benefits due under the terms of an employer-sponsored benefits plan, arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B).[2]  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987) (holding that Section 502(a) of ERISA completely preempts any state causes of action for benefits under an employer-sponsored benefits plan, such that it converts an "ordinary state common law complaint into one stating a federal complaint for purposes of the well-pleaded complaint rule.").  The Fund now moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.  Plaintiff has not opposed the motion.

**II.     DISCUSSION**

    **A.     Legal Standard**

The Court must review this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be

---

[1] Defendant correctly notes that, although Plaintiff describes Horizon as her health insurance provider, the attached Plan Document and Summary Description indicates that the Fund is the provider, and that Horizon is one of the benefits administrators. (Compl., ¶ 5, Ex. 2, at 100-101.)

[2] This subsection creates a private right of action for a participant or beneficiary of an employee benefits plan "to recover benefits due to him under the terms of such plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

granted.  Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.)  The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57.  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (relying on *Twombly* to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

    B.    Analysis

The Fund argues that Plaintiff fails to state a claim for benefits under the Plan, because she failed to fulfill the Plan requirements for PIP coverage, as set forth in the Plan Description. In the alternative, the Fund argues that Plaintiff's claim must be dismissed for failure to exhaust the available administrative remedies.

    1.  Plan Coverage

Plaintiff's employee benefits under the Plan are set forth in the Plan Document and Summary Plan Description, appended as Exhibit 2 to Plaintiff's Complaint. Section 9.08 therein, titled "Liability in an Auto Accident," provides:

> If you live in a state with no-fault auto insurance (PIP), such as New Jersey, your car insurance is the primary plan for medical expenses relating to an automobile accident. You need to buy the maximum coverage offered with PIP. This Plan is secondary to PIP but only if you exceed the PIP maximum coverage limits.
> This Plan does not permit participants to opt out of no-fault auto insurance as the primary plan. If you should opt out, be aware that this Plan will reimburse you as the secondary plan only under the assumption that you have received primary reimbursement from your auto insurance to the maximum limit available. In other words, you will receive little or no reimbursement from this Plan . . . unless the accident expenses exceed the PIP maximum.

Therefore, in order to be eligible for secondary reimbursement for automobile-accident related medical costs, a Plan participant: (1) must have maximum PIP coverage, and (2) must have exceeded that coverage limit.

Here, Plaintiff avers that she had obtained PIP coverage with a policy limit of $15,000. (Compl., ¶ 2.) Following the July, 2009 car accident, Plaintiff's medical bills exhausted the $15,000 limit, so she sought reimbursement of the outstanding $18,228.23 from the Plan. However, as the Fund correctly points out, the Complaint does not allege that $15,000 was the *maximum* PIP coverage available. Plaintiff having failed to allege compliance with the requirement that she obtain the maximum PIP coverage offered, she fails to allege her eligibility for secondary reimbursement for automobile-accident related medical costs under the Plan. Thus, Plaintiff fails to state a plausible claim for relief under Section 502(a)(1)(B) of ERISA.

        2. Exhaustion of Administrative Remedies

Before a participant in an employee benefits plan may bring a Section 502(a)(1)(B) action, she must first exhaust the remedies available under the Plan. *Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 249 (3d Cir. 2002). Here, Section 9.09 of the Fund's Plan Document and Summary Description sets forth procedures for filing claims for benefits from the Fund. (Compl., Ex. 2, at 100-109.) The procedures include filing a claim and appeal regarding the denial of any benefits available under the Plan. *Id.* Both benefits requests and claims regarding reimbursement for hospital expenses must be submitted to Horizon, the administrator of such claims. *Id.* If a claim is denied in whole or in part, the participant may ask for a review, in writing, to the Board of Trustees, within 180 days of the notice of denial. *Id.* Appeals regarding Post-Service Hospital claims may be made directly to Horizon, which also provides a second level of appeal. *Id.* The decision on appellate review of any claim is given to the participant in writing, with reasons for the determination, and, among other information, a "statement of [the] right to bring a civil action under ERISA Section 502(a) following an adverse benefit determination on review." *Id.* at 108-109. The Plan goes on to advise participants that

they may not commence a lawsuit to obtain benefits under the Plan:

> . . . until after you have requested a review and a final decision has been reached on review, or until the appropriate time frame described above has elapsed since you filed a request for review and you have not received a final decision or notice that an extension will be necessary to reach a final decision.  The law also permits you to pursue your remedies under section 502(a) of [ERISA] without exhausting these appeal procedures if the Plan has failed to follow them. . . .

*Id.* at 109.

The Fund asserts that, despite these explicit Plan procedures, Plaintiff failed to lodge an appeal regarding the denial of her claim for outstanding medical expenses resulting from the June, 2009 car accident.  Indeed, the Complaint does not plead that Plaintiff utilized the required appeals process set forth in the Plan.  In light of Plaintiff's failure to exhaust the administrative remedies provided by the Plan, her cause of action under Section 502(a)(1)(B) ERISA is barred.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint shall be granted, and Plaintiff's Complaint shall be dismissed.  An appropriate form of Order will be filed herewith.

    s/Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: March 2, 2012